**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3337
_____

ANDREW HARRIS,
                                        Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 14-cv-05163)
District Judge: Honorable Joseph H. Rodriguez
_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 31, 2017

Before: VANASKIE, KRAUSE, and RESTREPO, *Circuit Judges*.

(Filed: April 26, 2017)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

In this Title VII action, Plaintiff contends that his employer discriminated against him on the basis of his color and race when he was directed to perform his outdoor landscaping duties in excessive heat. The District Court granted summary judgment for the employer. Because we agree with the District Court that Plaintiff failed to carry his burden to show a prima facie case of discrimination, we will affirm.

## I[1]

Plaintiff Andrew Harris is an African-American male employed by the Federal Bureau of Prisons ("BOP"). During the events at issue in this case, Harris worked as one of three landscape foremen at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"); the other two foremen were Caucasian. Each foreman was responsible for overseeing inmates' weekly mowing work in that foreman's assigned area of the facility.

Harris's discrimination claims arise from events on July 18, 2006. It was a very hot and humid day, with the heat index reaching over 100 degrees by late morning. That morning, after Harris had worked with his mowing crew for several hours, he did not feel well. During the lunch break, Harris informed his second-line supervisor, Chip Moran, that he intended to discontinue mowing for the day due to the heat. Moran told Harris to consult with Harris's first-line supervisor, Ron Woodruff, about his plan to stop work.

---

[1] The following facts are undisputed between the parties.

Woodruff verified with the safety department that it was "business as usual" that day and then ordered Harris to continue with his mowing detail. Harris revisited the issue with Moran, but Moran deferred to Woodruff. Harris then returned to his mowing detail, but did not drink water or eat lunch before doing so. At least one of the other landscape foremen did not have his crew mow that day, but assigned the crew to other work outside.

Approximately an hour after resuming work after the lunch break, Harris either "passed out" or became "semi-conscious." App. 87, 103. Harris was taken to a local hospital, treated, and released later that evening. Following the incident, Harris was placed on paid injury leave. He returned to work several days later and resumed his regular landscape foreman duties. He was never disciplined for the incident, and he continued to receive satisfactory performance evaluations. Harris later requested a transfer to a more desirable landscape foreman role, which was granted when the position became available.

## II

After exhausting his administrative remedies, Harris filed a complaint in federal court alleging a single count of race/color discrimination. Harris alleged in his complaint that "white staff were allowed to discontinue their work activities outside" on July 18, 2006, while Harris "was forced to continue outside work under the same weather conditions." App. 24. After the completion of discovery, Defendant Attorney General of the United States, on behalf of the BOP, moved for summary judgment. The District Court held oral argument and granted the motion in June 2016. This timely appeal followed.

3

## III[2]

Title VII prohibits discrimination on the basis of race and color. 42 U.S.C. § 2000e-2. Where, as here, there is no direct evidence of discrimination, a plaintiff's claim is governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). In the first step of the *McDonnell Douglas* analysis, a plaintiff must establish a prima facie case of discrimination, which consists of four elements: (1) plaintiff is a member of a protected class; (2) plaintiff is otherwise qualified for the position; (3) plaintiff was subject to an adverse employment action by the defendant; and (4) the circumstances surrounding the adverse employment action against plaintiff give rise to an inference of prohibited discrimination. *McDonnell Douglas*, 411 U.S. at 802-03. The District Court found that Harris could not make out a prima facie case because he had failed to show an adverse employment action. We agree.

Harris has described the BOP's discriminatory action as forcing him "to work under unhealthful environmental (excessive heat) conditions," or directing him "to perform mowing activities on a day where the temperature and heat index were dangerously high" on July 18, 2006. Appellant's Br. 1-2, 9. The District Court concluded that this single action did not amount to an adverse employment action, because it did not alter Harris's "compensation, terms, conditions, or privileges of

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over the final order of the District Court pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment *de novo*, and we apply the same legal standards as the District Court. *Renchenski v. Williams*, 622 F.3d 315, 324 (3d Cir. 2010). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

employment," App. 8 (quoting *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004)), and it did not reduce his opportunities for promotion or professional growth, *id.* Rather, Harris was assigned to complete one of his regular job duties.

Harris offered no authority to the District Court to suggest that the July 18, 2006, incident qualifies as an adverse employment action; in fact, he did not address this element of his prima facie case at all in his summary judgment submissions to the District Court. On appeal, Harris's briefing again fails to offer this Court any authority suggesting that the events in question amounted to an adverse employment action under Title VII. Moreover, Harris does not challenge the District Court's analysis of the issue.

We do not doubt Harris's characterizations of the conditions outside at FCI Fort Dix on July 18, 2006, nor do we minimize the seriousness of any injury that Harris incurred. Nevertheless, for the same reasons given by the District Court, we conclude that Harris has failed to carry his burden to show an adverse employment action and thus has failed to make out a prima facie case of prohibited race or color discrimination.[3]

**IV**

For the foregoing reasons, the District Court's order granting summary judgment to the Attorney General will be affirmed.

---

[3] Because we find that Harris has failed to show this element of his prima facie case of discrimination, we do not reach the remaining elements. We also do not reach the next steps of the *McDonnell Douglas* analysis.